IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 25-cr-138-RJL |
| : | |
| TORRANCE BROCK : | |
| : | |
| Defendant : | |

## DEFENDANT BROCK'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM MISJOINDER AND FOR SEVERANCE OF DEFENDANTS

Defendant Torrance Brock, by and through his attorneys, Nicholas G. Madiou, and Brennan, McKenna & Lawlor, Chartered, respectfully submits this reply in support of his motion for relief from misjoinder of defendants pursuant to Federal Rule of Criminal Procedure 8(b) and for relief from the prejudicial joinder of defendants pursuant to Federal Rule of Criminal Procedure 14.

I. **Count Two is Improperly Joined with Counts One, Three, and Four**

In its response, the Government concedes that Rule 8(b) governs the joinder analysis in this multidefendant case. Under the Rule, "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in *the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses*. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

1

Fed. R. Crim. P. 8(b) (emphasis added). "A group of offenses forms a 'series' only if the indictment alleges or the Government shows before trial that they are part of a 'common scheme or plan' and that each defendant participated in some way in that common scheme or plan." *United States v. Cisneros*, 26 F. Supp. 2d 13, 21 (D.D.C. 1998) (citing *United States v. Johnson*, 46 F.3d 1166, 1172 (D.C. Cir. 1995)).

In this case, the Government has not met its burden to show that the offense alleged in Count Two forms part of the same series of acts or transactions constituting the offenses that Mr. Vanterpool is alleged to have committed. That both defendants were allegedly traveling in the same car, allegedly fled from that car, and are alleged to have discarded contraband does connect the separate criminal offenses with which each defendant is charged into a common scheme or plan. While the two co-defendants may have those factual allegations in common, those facts do not constitute the same series of acts that constitute their separate charged offenses.

While indeed all defendants need not be charged in each count, here Mr. Brock and Mr. Vanterpool are not charged with any of the same offenses. They are each charged in entirely separate counts with entirely distinct possessory offenses. The common allegations that relate to both defendants' flight, abandonment of contraband, and ultimate arrest do not tie their separate crimes any closer together to make a joint trial appropriate in this case under Rule 8(b). Simply put, neither defendant is alleged to have participated in any act or transaction that constitutes the

2

other defendant's charged offense or offenses.

The fact that Mr. Brock and his co-defendant may have factual similarities or are even charged with similar offenses does not alter the analysis. The D.C. Circuit has clearly stated that the similarity of offenses is not sufficient under Rule 8(b). *See United State v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1994) ("Rule 8(b)'s language 'may not be read to embrace similar or even identical offenses, *unless* those offense are related. . . . . [T]here must be a logical relationship between the acts or transactions within the series."). This is particularly true here, where Mr. Brock is charged in a lone gun possession count, whereas Mr. Vanterpool is charged with possession of controlled substances with intent to distribute and possession a firearm in furtherance of drug trafficking in addition to unlawful possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year.

The Government has not alleged that either defendant jointly participated in any conduct that constitutes the charged offenses of the other defendant. The similar factual allegations of their apprehension do not change that fact, nor does it make joinder appropriate under Rule 8(b). The alleged joint conduct must in fact constitute the offense. *See United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984) ("The Rule is not limited to offenses or transactions, but extends to a 'series of *acts* . . . *constituting an offense* . . .' in which the joined party participated, even though he

may not be charged on that offense." (emphasis added) (citing Fed. R. Crim. P. 8)). Because they are not part of the same act or transaction or same series of acts or transactions *constituting an offense or offenses*, the charges against Mr. Vanterpool (Counts One, Three, and Four) are misjoined with the charge against Mr. Brock (Count Two).

## II. Severance of Mr. Brock is Appropriate under Rule 14(a)

In its opposition to Mr. Brock's motion for severance, the Government argues that any potential prejudice caused by a joint trial in this case can be cured by jury instructions. The Government has offered no substantive response to the specific arguments Mr. Brock has raised regarding the prejudice he would suffer in the event of a joint trial. In doing so, the Government ignores the inherent dangers associated with a joint trial in this case, and the unavoidable prejudice that would ensue.

The Government seeks to jointly try Mr. Brock and Mr. Vanterpool with entirely separate possessory offenses involving different firearms unrelated in any way besides the time and place of each defendant's apprehension. Moreover, while Mr. Brock is charged in a single count of possession of a firearm, the Government has charged Mr. Vanterpool with possessing controlled substances with intent to distribute as well as possessing a firearm in furtherance of drug trafficking. The Government intends to introduce far more serious and altogether different and highly

inflammatory offenses in the same trial as Mr. Brock, making it impossible for him to receive a fair trial in this case.

While the Government baldly asserts that any prejudice can be cured by jury instructions, its position completely ignores the particular kinds of prejudice which the D.C. Circuit has stated warrant relief under Rule 14: "1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; 3) the defendant may become embarrassed or confounded in presenting different defenses to the different charges." *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968) (internal quotation and citation omitted). This is particularly true "where there is a great disparity in the weight of the evidence, strongly establishing the guilt of some defendants, the danger persists that that guilt will improperly 'rub off' on the others." *United States v. Mardian*, 546 F.2d 973, 977 (D.C. Cir. 1976) (citing *United States v. Kelly*, 349 F.2d 720, 756-759 (2d Cir. 1965)). Here, the risk that the jury will cumulate evidence of Mr. Vanterpool's alleged offenses, including drug trafficking offenses, against Mr. Brock are inevitable. None of the evidence that is admissible against Mr. Vanterpool is admissible against Mr. Brock, and vice versa. Joinder of these two defendants will result in irreparable prejudice. With or without curative instructions, there is far too great a risk that the jury will cumulate evidence of the

5

separate crimes and improperly infer a criminal disposition through guilt by association.

The Government has failed to engage in any meaningful way with Mr. Brock's prejudice arguments. No set of curative jury instructions would protect Mr. Brock from the prejudice he would face at a joint trial. The Government's citation to *United States v. Slade*, 627 F.2d 293, 309-10 (D.C. Cir. 1980) is particularly inapposite. There, *all defendants* were charged with participating in *a single heroin conspiracy*, and each defendant was named in one or more substantive drug counts. On appeal, one defendant unsuccessfully argued that the district court erred in denying his severance motion in light of the disparity of evidence against him as compared to the other defendants. In rejecting the argument, the D.C. Circuit noted the substantial drug-related evidence against that defendant, including informant testimony and audio and video recordings of drug transactions.

Mr. Brock's case could not be more different. Mr. Brock is *not* charged with participating in any conspiracy with Mr. Vanterpool. Mr. Brock is *not* charged with any drug offenses. Mr. Brock is *not* charged with possessing a firearm in furtherance of drug trafficking. The drug evidence is inadmissible as to him. At a separate trial, a hypothetical jury judging the *Slade* defendant's individual case would have heard significant drug evidence. At a separate trial for Mr. Brock, there will be absolutely no drug evidence. It strains reality to argue that any jury could separate the serious

drug-related allegations against Mr. Vanterpool from the sole firearm allegation against Mr. Brock. Mr. Brock cannot receive a fair trial as guaranteed by the Constitution if he is forced to proceed to a joint trial. The Court should therefore grant a severance.

## Conclusion

For the reasons stated above and those to be presented at the motions hearing, this Court should grant Mr. Brock a separate trial and sever his case from that of Mr. Vanterpool.

Respectfully submitted,

/s/

_____
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044
nmadiou@brennanmckenna.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2026, a copy of the foregoing was sent to the United States Attorney's Office, via ECF.

/s/

_____
Nicholas G. Madiou